UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANIE LYNETTE WOODSON,

        Plaintiff,

                                                         Case number 05-74571

v.                                                        Honorable Julian Abele Cook, Jr.

HOUSEHOLD FINANCE CORPORATION. III,

        Defendant.

ORDER

On December 1, 2005, the Plaintiff, Stephanie Woodson ("Woodson"), filed a *pro se* Complaint with this Court, in which she had accused the Defendant, Household Finance Corp, III ("Household"), of violating her fundamental rights to due process of law, as guaranteed by the United States Constitution. On the same date, she also filed a "Motion to Stay Execution of Judgment**,"** seeking, in essence, to obtain an order that would prevent Household from executing a state court eviction directive.[1]

I.

In her Complaint, Woodson asserts that she is the owner of a house at 9805 Andover in Belleville, Michigan. On July 29, 2004, Household**,** acting as the mortgagor, foreclosed on the property because of Woodson's alleged failure to satisfy her contractual obligations. She challenges Household's assertion by contending that the promissory note which had been ostensibly executed at

---

[1] Woodson has inaccurately labeled this formal request for relief. Nevertheless and after taking her *pro se status* into full consideration, the Court will evaluate this motion as a prayer for a temporary restraining order. Fed. R. Civ. P. 65(b).

1

the time of Woodson's acquisition of the Andover parcel, was fraudulent because it lacked a bona fide signature.

On March 24, 2005, a hearing was held before Honorable David M. Parrott, Judge of the 34th District Court in Michigan, who entered a default judgment in the sum of two hundred five thousand and nine hundred dollars against her after she failed to appear to challenge Household's position. According to Woodson, she was unable to appear because her husband had been admitted to the hospital during the morning of her hearing. However, there is nothing in the official court records which indicates that she informed or attempted to inform the 34th district court of her inability to attend the hearing. On April 5, 2005, Woodson filed a motion to set aside the default judgment which was subsequently denied.

On April 15, 2005, Household obtained an order of eviction which became effective immediately. Thirteen days later (April 28, 2005), she filed a motion which, if granted, would have stayed any order pending the filing of her petition for a new trial and a declaratory judgment and injunctive relief. However, this motion was rejected.

On October 24, 2005, Household filed a motion for the reissuance of the April 15th eviction order. On December 5th, a final hearing on the termination for tenancy was scheduled in the 34th district court.[2] However, when Woodson failed to appear at the hearing, the district court judge granted Household's application for relief and authorized the issuance of an eviction warrant against her.

II.

When giving consideration to Woodson's request for injunctive relief, this Court must

---

[2]This hearing is designed to enable an affected party to proffer reasons, if any, why the eviction proceedings should not be implemented.

determine whether she, as the aggrieved party, (1) has established a strong likelihood of success on the merits, (2) has demonstrated the existence of an irreparable injury, (3) produced a sufficiency of evidence that the issuance of an injunction would cause substantial harm to persons, and (4) has shown that the public interest would be served by the issuance of an injunction. *Southwest Williamson County City Ass'n, Inc. v. Slater*, 243 F.3d 270, 277 (6th Cir. 2001). Moreover, a temporary restraining order requires a showing by Woodson that she will suffer an "immediate and irreparable injury" before Household should be given an opportunity to express its opposition or concurrence. Fed. R. Civ. P. 65(b).

### III.

Although Woodson has facially established that she will suffer "immediate and irreparable harm" (i.e., eviction), she has been unable to demonstrate that there is a strong likelihood of success on the merits of her case. The record in this cause indicates that Woodson, despite having been provided with opportunities on March 24, 2005 and December 5, 2005 to voice her objections to the relief that Household had sought to obtain, failed, refused and/or neglected to appear on either occasion. Simply put, there is nothing that has been presented to this Court which would even suggest that Household acted in violation of the United States Constitution or any other existing law

### IV.

For the reasons that are stated above, Woodson's motion for stay, which has been construed by this Court as a motion seeking a temporary restraining order, must be, and is denied.

IT IS SO ORDERED.


DATED:    December 28, 2005                s/ Julian Abele Cook, Jr.
          Detroit, Michigan                JULIAN ABELE COOK, JR.
                                           United States District Judge



Certificate of Service

    I hereby certify that on   December 28, 2005,  I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                                             s/ Kay Alford
                                                                             Courtroom Deputy Clerk